UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| B. O., | ) |
| S. O., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|         v. | )   No. 1:20-cv-01481-RLY-MJD |
| | ) |
| ANTHEM INC., | ) |
| BRITNI SAUNDERS, | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed Anonymously. [Dkt. 4.] For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

### I. Background

Plaintiff B.O. brings this action on behalf of himself and his child, Plaintiff S.O., a minor at the time the events giving rise to this suit occurred, against Defendants, alleging that Defendants violated various federal and state statutes when they denied coverage to Plaintiff S.O. for the treatment she received at a residential mental health facility. [Dkt. 1 at 1, 8, & 9.]

In the instant motion, Plaintiffs move for leave to proceed anonymously, requesting that Plaintiff S.O. and her parent, B.O., be allowed to proceed using initials in lieu of their names because of Plaintiff S.O.'s young age—during the treatment at issue she was only sixteen years old—and her severe mental illness. [Dkt. 4 at 1.] Defendants did not file a response to the motion.

## II.  Legal Standard

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all the parties to the suit.  That rule "instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).  Although there is a strong presumption in favor of open proceedings in which all parties are identified, federal courts also have discretion to allow a plaintiff to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996).  The presumption that a plaintiffs' identity will be public information can be rebutted by showing that the harm to the plaintiff of proceeding publicly exceeds the likely harm from concealment.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding under a party's real name. *Id. at 669-70*.  The test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Does v. City of Indianapolis, Ind.*, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006).  The non-exhaustive factors articulated in *EW v. New York Blood Center,* 213 F.R.D. 108, 111 (E.D.N.Y. 2003), are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*See also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

### III.  Discussion

The Court will analyze the relevant factors with regard to each Plaintiff, in turn, below.

A.  <u>Plaintiff S.O.</u>

The first factor weighs in favor of anonymity, as Plaintiffs are challenging governmental activity.  Defendant Saunders is the Director of Indiana State Personnel Department, a role that is responsible for managing and providing overall administration of the employment and employment-related benefits for State employees.  Thus, governmental activity relates to the basis for Plaintiff's claim challenging her denial of coverage under the Indiana Plan.  *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 341-42 (N.D. Ind. 2017); *Does v. City of Indianapolis*, 2006 WL 2289187, at *1-2 (quoting *Roe v. Wade*, 410 U.S. 113 (1973)).

The second factor considers whether this action requires Plaintiff S.O. to disclose information of the utmost intimacy.  The Seventh Circuit has found that the use of pseudonyms is appropriate to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.  *Doe v. Blue Cross & Blue Shield United*, 112 F.3d at 872.  While Plaintiff S.O. is a legal adult, she was a sixteen-year-old at the time of treatment for her mental illnesses and is now only eighteen years old.  She remains a vulnerable party as she continues to suffer from chronic mental illnesses including bipolar I disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, anxiety, depression, oppositional defiant disorder, and borderline personality disorder.  [*See* Dkt. 4 at 1.]  As such, the Court finds that the second factor favors Plaintiff S.O.'s anonymity.

The third factor—potential illegal activity by Plaintiff S.O.—is not at issue in this case.

The fourth factor also lends support for anonymity. Plaintiffs allege that S.O. has a history of ongoing mental health conditions, treatment of which relates to the basis of the claims. [Dkt. 4 at 1.] To proceed anonymously, a plaintiff must assert legitimate circumstances under which making her name public could cause her to suffer mental or physical injury due to the personal and sensitive nature of her allegations. *Doe v. Marvel*, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010). Plaintiff S.O.'s claim that she suffers from chronic mental illnesses and self-harming behaviors, coupled with her young age at the time of the treatment at issue in this case, demonstrate such circumstances. Accordingly, the fourth factor favors anonymity.

Turning to the fifth factor regarding potential prejudice to Defendants, Plaintiffs stated they are willing to disclose their identities to Defendants. [Dkt. 4 at 4.] Defendants have not objected to this motion voicing their concerns or offering evidence to show that they will be prejudiced. Therefore, the Court concludes that the fifth factor also favors anonymity.

Finally, the sixth factor recognizes the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an "exception" for particularly vulnerable plaintiffs. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669. Here, Plaintiff S.O. displayed that her severe mental health problems and her young age create a risk of harm if her identity was revealed. *See Doe v. Trustees of Indiana Univ.*, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (concluding that although mental illness alone is not a sufficient reason to justify use of a fictitious name, a substantial risk of mental and physical injury to the plaintiff if her identity were revealed justifies anonymity); *Lauren B. v. Baxter Int'l Inc. & Subsidiaries Welfare Ben.*

*Plan for Active Emp.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014) (finding concealment of the plaintiff's identity warranted when public disclosure would create a risk of death and a threat to recovery due to the plaintiff's severe mental illnesses). Moreover, allowing Plaintiff S.O. to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. *See Doe v. Purdue Univ.*, 321 F.R.D. at 343 (finding the actual identities of plaintiffs were of minimal value to the public). Thus, Plaintiff S.O.'s risk of harm outweighs the public interest in open access to litigation, and the sixth factor favors anonymity.

Plaintiff's anonymity will not harm the public interest in guaranteeing open access to proceedings, since the record will not be sealed. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. Having considered the relevant factors, the Court concludes that Plaintiff S.O. should be permitted to proceed anonymously in this case.

B. Plaintiff B.O.

The decision to permit S.O. to proceed anonymously does not necessarily mean that Plaintiff B.O. should also be permitted to proceed anonymously. The Seventh Circuit has emphasized that the involvement of a parent and a child—even if no longer a minor—in a lawsuit is a significant factor in favor of anonymity, particularly if the subject matter of the case inflames a risk of harm to the young plaintiff if their identity is made known by revealing the parent's name. *See Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011).

Plaintiff contends that fictitious names are necessary to protect the privacy of young litigants, as other courts from within this Circuit have similarly permitted litigation to proceed anonymously in cases involving "severe mental illness and plaintiffs who underwent treatment while still minors." [Dkt. 4 at 3.] *See, e.g., Dominic W. v. N. Trust Co. Emp. Welfare Benefit*

5

*Plan*, 392 F. Supp. 3d 907 (N.D. Ill. 2019); *Alice F. v. Health Care Serv. Corp.*, 367 F. Supp. 3d 817 (N.D. Ill. 2019). Additionally, the Court finds that denying Plaintiff B.O.'s request to proceed anonymously would undermine the purpose of concealing Plaintiff S.O.'s name because the public could readily identify Plaintiff S.O. based on Plaintiff B.O.'s name. Thus, the Court finds that protecting S.O., a young litigant struggling with mental illnesses, amounts to a legitimate circumstance to warrant her father, Plaintiff B.O., to also proceed anonymously.

Plaintiffs present legitimate circumstances under which Plaintiff S.O., a minor at the time of treatment, could suffer mental and physical injury, particularly because of the personal and sensitive nature of the subject matter and the risk of harm that Plaintiff S.O. could face if her father's identity is revealed. [Dkt. 4 at 1.] Accordingly, the Court concludes that the risk of harm to Plaintiff S.O.'s health and safety, if her father, Plaintiff B.O. is identified by his name, outweighs the public's interest in judicial openness, and thus overcomes the presumption against anonymous litigation.

## IV. Conclusion

Accordingly, Plaintiffs' Motion for Leave to Proceed Anonymously and Notice of Intent to Proceed Anonymously [Dkt. 4] is **GRANTED**.

SO ORDERED.

Dated: 14 JUL 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.